Kilty, Chancellor.
This petition with the exhibits, has been before me for some time. I was under the impression, that a sale had heretofore been decreed or made under some authority, but I do not find that it has been the case. ■ A great many years have, elapsed since the death of W. Deakins. The complainant might have proceeded under another part of the act of 1785; nevertheless he may have a right to proceed under the fourth section; but an affidavit will be required, that no part has been received from W. Deakins, or F. Deakins, or J. .Hoye, the present administrator, who may have assets, for which purpose exhibit C may be withdrawn. And if the decree is passed, it will be for the sale of only a part of the real estate.
- On the 15th of October, 1817, the petitioner Thomas filed his affidavit, in which he averred that he had not received any part of the money mentioned in the judgment he had recovered against Hoye, the administrator de bonis non, from John Hoye, W. Deakins, F. Deakins, or any other person, and that the money was then due and owing to him.
16th October, 1817.
Kilty, Chancellor.
No other creditors having applied, it is unnecessary to sell the whole of the real estate; and it is to be understood, that no more is to be sold than will-pay the complainant’s debt with interest and costs, and the costs of this suit, and commissions and expenses as near as it can be effected.
*401 It is thereupon Decreed, that so much of the real estate in the proceedings mentioned, whereof William Deakins died seized, lying and being in the state of Maryland, as may be necessary, be sold for the payment of the debt in the proceedings mentioned. That B. S. Pigman be, and he is hereby appointed trustee to make the said sale, &c. which shall be on a credit of twelve months, with interest from the day of sale; the purchaser to give bond with approved surety, &c.
On the 18th of January, 1818, John Hoye, as administrator de bonis non, with the will annexed of the late William Deakins, filed his bill in this court against Edward Thomas, in which bill Hoye states that the defendant Thomas had recovered judgment against him as administrator for a large amount; in satisfaction of which judgment, the defendant Thomas had agreed to take lands in Virginia ; but that he had since refused to comply with the agreement on his part, by selecting and accepting the lands as stipulated; which agreement this plaintiff was then, and had always been ready to perform on his part. Whereupon, the bill prayed for a specific performance of the agreement, and for general relief.
B. S. Pigman having declined to act as trustee under the decree, the matter was brought before the court.
1th April, 1818.
Kilty, Chancellor.
Ordered, that John A. T. Kilgour be, and he is hereby appointed trustee in the room of the said Pigman, to give bond in the same penalty, and to have the same powers as if appointed by the original decree.
On the 26th of April, 1819, John Threlkeld, and Elizabeth his wife, filed their bill against the trustee John A. T. Kilgour. The bill alleges that Jane Deakins, the devisee of the late William Deakins, was dead, leaving this plaintiff Elizabeth her sole devisee and heir at law; that the trustee Kilgour had advertised for sale some of the lands which had been devised to the late Jane, and which were then held by these plaintiffs, to satisfy the. debt alleged to be due to the petitioner Edward Thomas; that these plaintiffs were unable to say any thing about his claim; but they presumed that if the petitioner had filed his bill of complaint against the heirs and devisees of the late William Deakins the plea of limitations would have been a bar to an application for a sale of the real estate for payment of debts. Whereupon the bill prayed for a subpoena, and also for an injunction to prohibit the trustee Kilgour from pro *402 ceeding to make sale. To this bill there was subjoined the affidavit of the plaintiff John Threlkeld of the truth of the facts therein set forth.
27th Jlpril, 1819.
Kilty, Chancellor.
It appears that the land devised to Mrs. J. Deakins has been considered by the trustee as liable to sale under the decree, instead of the estate devised to Francis Deakins for the payment of debts. The trustee is, therefore, directed not to proceed to the sale of the land mentioned in the petition and in the advertisement, lying at the mouth of Senaca, until further order; which may be made on hearing after such notice as may be directed.
On the 6th of June, 1821, John Hoye filed his bill of revivor, stating that Edward Thomas had died without answering his bill filed on the 18th of January, and that he had, by his will, appointed William R. King and Edward T. Hebb his executors, against whom he prayed that his suit might be revived, and therefore prayed subpoenas against them.
After which, John Hoye, on the 30th of June, 1821, filed his petition, in which he recites all these before-mentioned proceedings; and that the sale might not be made before the determination of his suit commenced by his bill filed on the 18th of January, he prayed that the trustee might be directed to suspend the sale until further order. The allegations of this petition were verified by his affidavit.
2d July, 1821.
Kilty, Chancellor.
In the bill by Hoye against Thomas, no mention was made of the decree for a sale, which, if improperly obtained, ought to be set aside. At present the trustee John Jl. T. Kilgour is directed not to make any sale under the decree till further order.
On the 22d of January, 1822, the defendants King and Hebb put in their joint answer to the original bill and bill of revivor of Hoye, in which, after admitting most of the facts stated in the bill, they allege by way of avoidance, that Hoye had it not in his power to make them a good title to the lands mentioned in the agreement ; that he had not complied with the agreement on his part, by reason of which they were in no respect bound by it; that the validity of the agreement had, by plea, been put in issue in a suit at law between them, but had been withdrawn and a judgment by confession rendered; and consequently, it could not now be of any avail to the plaintiff Hoye.
*403 24th November, 1824.
Bland, Chancellor.
The arguments of counsel having been heard, the proceedings were read and considered.
This case has been brought before this court by two separate and original proceedings, which have now become intimately and necessarily blended. The ex parte petition of Edward Thomas brought in the first part of it; and the bill of John Hoye introduced the second part. These two distinct proceedings, moving separately, and apparently having entirely different objects, were shewn to have an intimate connection with each other by the petition of Hoye; and were linked together by the order of the 2d of July, made on that petition. Looking then into all the proceedings and exhibits, the case as it now stands before the court is this :
William Deakins being seized of certain real estate, made his will disposing of the whole, and died. He gave a part of his real estate to his wife Jane; and the rest he devised to his brother Francis Deakins, who he appointed his executor, in trust, in the first place, to be sold for the payment of his debts. In May, 1804, Edward Thomas obtained a judgment against Francis, the executor of William, for a large sum of money, with interest and costs. Francis died without having sold the real estate of his testator for the purpose of executing the trusts reposed in him; and administration de bonis non was granted to John Hoye. After which, by a written agreement between John Hoye and Edward Thomas, it was stipulated, that in consideration of certain lands in Virginia being conveyed to Edward, he should assign over all his right to the judgment he had obtained against Francis, to John Hoye. After which Edward Thomas filed his petition here; upon, and subsequent to which the before mentioned proceedings were had.
Had Francis, the testamentary trustee, attempted to sell the real estate devised to Jane, he might have been restrained by an injunction ; or if he had made a sale, it would have been deemed void. And if he had attempted to sell that real estate which was actually devised to him to be sold for the payment of the testator’s debts, under the pretence of paying debts, when in fact and truth there were no debts really due, those interested in the estate might have had their, interests protected by an injunction. I conceive there could have been no doubt of the propriety of the exercise of such an authority in restraint of the testamentary trustee Francis Deakins, were he living.
Edward Thomas expressly founds his petition upon the act of *404 assembly which provides, that this court shall have full power and authority, upon the application or petition of any person interested in the sale of property devised as this was, to appoint a trustee for the purpose of selling and conveying such property, and,applying the money arising from the sale to the purposes intended. (b) ' But in appointing a trustee, under this law, as a mere successor to the testamentary trustee, it could not be presumed, that the court intended to confer upon him an authority more extensive than that to be found in the will, or instrument specifying the objects of the trust. Hence the stay of proceedings, or injunction upon the trustee, so far as .regards the interests of those who claim under Jane, the facts having been admitted, must be made perpetual.
But the purpose to which the money arising from the sale was to be applied, was, among others, the payment of this debt said to be due to Edward■ Thomas; if it had been shewn, that there was, in fact, no debt due to him, the trustee Francis Deakins would not have been allowed to sell, upon the pretext of a necessity to do so, to satisfy that debt. And consequently, the court will not now appoint and authorize a trustee to take the place of Francis, and do that very act which it would have prohibited Francis from doing were he alive.
The order of the 2d of July, 1821, operates ¿s, and must be considered in the nature of an injunction. And in looking into the answer of the executors of Edward Thomas, to see whether there is any thing there which will authorize or require the rescission or dissolution of the injunction order, I find that none of the material facts upon which it-was originally based have been denied or removed; therefore, ■
It is Ordered, that the authority conferred on the trustee appointed by this court to make sale of the real estate of the late William Deakins, be construed to extend only so far as the same may be warranted by so much of the will of the late William as clothed his late brother Francis Deakins with authority to sell the same, and no further. And it is moreover Ordered,, that no sale ■whatever be made, by any trustee appointed by this court, of any portion of the real estate of the 'late William Deakins, which by his will was authorized to be sold for the payment of his debts, for the purpose of paying the debt now alleged to be due to the *405 executors of Edward Thomas, deceased, until the final hearing of this case, or further order.
After which a commission was issued, by virtue of which testimony was taken in this case under the name of Hoye against King and Hebb; and the whole matter was again brought before the court.
14th December, 1827.
Bland, Chancellor.
This case standing ready for hearing, the solicitors of the parties were heard, and the proceeding read and considered.
The late Edward Thomas, in the year 1804, obtained a judgment against Francis Deakins, executor of the late William Deakins, for the sum of $3,390 50, with interest from the 1st of November, 1797, and costs. After which, Francis Deakins died, and administration de bonis non upon the estate of the late William, was granted to the plaintiff Hoye. On the 26th of March, 1805, soon after Hoye had thus obtained letters of administration, he entered into an agreement with Edward Thomas to let him have certain lands, as therein described, in Randolph, Hampshire, or Hardy county, in Virginia, to be shewn by Hoye, when called upon, to the value of $3,050 65, in full satisfaction of Thomas’ claim against the estate of the late William Deakins. In consideration of which Thomas agreed to assign his judgment to Hoye. And in case Thomas should neglect to designate the lands, and have them valued, in the manner specified, before the 1st day of July then next, Hoye was to have so much of certain lands laid off and conveyed, as, at five shillings per acre, would amount to the sum of $3,050 65 And then Hoye stipulates to have the conveyance made and the deed ready for Thomas by the last day of July then next.
A few days prior to the 7th day of December, 1805, Elijah Butler surveyed 4,576 acres of land, as he says in his letter to the plaintiff, for Edward Thomas; but there is no proof that Thomas ever knew of, or assented to this survey, much less, that he accepted of the land thus laid off. On the contrary, it appears, by a letter of Edward Thomas, dated on the 16th of December, 1805, and another of the 22d of April, 1806, which have been produced as evidence by the plaintiff, that up to that time Hoye had not, on his part, complied with the agreement. A third letter from Thomas, dated on the 16th of August, 1806, has been produced and relied on by the plaintiff, which evidently alludes to some departure from the original agreement, which Thomas was willing *406 to concede on Hoye’s granting the indulgence therein asked for; but what was done in consequence of the proposition, thus made, does not appear.
Long after which, in the year 1815, Edward Thomas sued out a scire facias on his judgment against this plaintiff John Hoye, as administrator de bonis non of the late William Deakins, To which Hoye appeared and put in five pleas, in one of which he relied on the agreement of the 26th of March, 1805; and alleged, that the land therein mentioned became the right and estate of Thomas, and was received by him in full satisfaction of his judgment. But afterwards Hoye withdrew his pleas; and on the 24th of April, 1817, confessed judgment, as appears by the record, to bind assets in hand, and future assets as they accrued.
After which Hoye filed this bill, asking for a specific performance of the agreement of the 26th of March, 1805; but Thomas having died before he had answered; Hoye, by a bill of revivor, made his executors parties. The original bill alleges, that on the 5th of January, 1816, Hoye executed a deed for lands according to the agreement, which deed he tendered to Edward Thomas’ attorney, on the 25th of April, 1817, who refused to accept it. But the answer of the defendants in no manner admits this deed; and there is no proof whatever of it; or of its conformity to the agreement.
Upon the state of facts, I feel perfectly satisfied, that the complainant cannot haye the relief he asks, even supposing the agreement to have been not at all affected by the proceedings at law; and to be such a one as a court of equity would specifically enforce; because the plaintiff Hoye has, in fact, altogether failed to perform his part of it, according to its clear and positive provisions. But, if he had complied with it, he has not placed himself here in a condition to obtain the relief he seeks. He has not brought all the proper parties before the court. The executors of Edward Thomas might assign the judgment; but his heirs are the persons, who alone are to be benefitted or affected by any conveyance of the specified lands, that had been made, or which might now be ordered by the court.
Whereupon it is Decreed, that the said bill of complaint of John Hoye, be and the same is hereby dismissed with costs to be taxed by the register. And it is further Decreed, that the order of the 2d of July, 1821, together with so much of the order of the 24th of November, 1824, as prohibits the trustee from making sale of so much of the real estate of the late William Deakins, as was autho *407 rized and directed to be sold by his last will and testament, be and the same is hereby rescinded and annulled.
It was represented, by a petition of King and Hebb, the executors of Thomas, filed on the 14th of December, 1827, that the trustee Kilgour had died; upon which they prayed, that Daniel Duvall might be appointed in his place; which was ordered acordingly. And Duvall having declined to act, William F. Hebb was, by an order of the 8th of April, 1828, appointed trustee to succeed the late John A. T. Kilgour.
On a petition filed, on oath, by Hoye, the administrator de bonis non of Deakins, praying that the trustee Hebb be ordered to report, &c. '
3d February, 1829.
Bland, Chancellor.
Ordered, that the trustee Hebb make a report of his proceedings, as prayed, or shew good cause to the contrary. Provided, that a copy of this order, together with a copy of the foregoing petition, be served on him on or before the third day of March next.
On the 26th of February, 1829, the trustee Hebb reported, on oath, that he had made sale of certain portions of the real estate of the late William Deakins, to the amount of $250; which sale was finally ratified on the 31st of August, 1829.
John Hoye, by his petition, stated that the trustee Hebb had neglected to discharge his duty as diligently as he ought to have done; and that he, Hoye, was willing to take the bond given for the purchase money in satisfaction of his claim, the voucher whereof had been heretofore filed, as a creditor of the late William Deakins. Whereupon he prayed, that the trustee might be ordered to make a report of his proceedings and to bring in the bonds, &c.
10í/¿ August, 1829.
Bland, Chancellor.
Ordered, that the trustee William F. Hebb forthwith deposite and file in the chancery office, the bonds and notes taken by him for the purchase money; and also bring into court any purchase money now in his hands; and likewise shew cause, if any he hath, why he has failed to discharge his duty, as trustee, as alleged: provided, that a copy of this order, together with a copy of the petition to be served on the said William F. Hebb.
John Hoye, by his petition filed on the 21st of January, 1830, stated that he was a creditor of the late William Deakins, and as *408 such had filed the vouchers of his claims; but, from some error or defect in the original decree or other proceedings, no notice had been given to his creditors, to file,the vouchers of their claims against his estate. And that a copy of the order of the 10th of August, had been served on the triistee Hebb, but he had not yet complied with it.. Whereupon the petitioner prayed for an attachment against Hebb; and that the creditors of the late William Deakins, might be notified to file the vouchers of their claims, &c.
22d January, 1830.
Bland, Chancellor.
Ordered, that an attachment issue against William F. Hebb as prayed, returnable forthwith. That the creditors of William Deakins, deceased, file the vouchers of their claims in the chancery office, on or before- the 22d day of June next. And that a copy of this order be inserted in some newspaper, printed at Cumberland, once in each of three successive weeks, before the first day of March next.
On the 15th of March, 1830, the trustee made a report, on oath, in which he stated, that the purchaser having refused payment, he had put the notes taken by him for the purchase money into the hands of an attorney, to bring suit thereon; that they were then in his hands for that purpose.
11th March, 1830.
Bland, Chancellor.
The attachment issued against William F. Hebb, having been returned attached, it is on motion of the solicitor, for the petitioner Hoye, Ordered, that the sheriff of Washington county forthwith bring into court the body of the said William. F. Hebb, according to the tenor of the said attachment. , > '
On the 30th of April, 1830, the trustee Hebb made another report, on oath, similar to that filed on the 15th of March. On the 13th of December, 1830, the executors King and Hebb, filed objections to an allowance of any of the claims now filed, or which might hereafter be filed, &c. Some time after which, the matters in controversy were finally adjusted by an agreement among the parties, and the case so closed.

 1785, ch. 72, s. 4.